[No. 3753.  Decided October 17, 1901.]

ALLEN F. LINDSLEY, *Appellant*, v. UNION SILVER STAR MINING COMPANY, *Respondent.*

COURTS — EXTRA TERRITORIAL JURISDICTION.

A court of one state has no jurisdiction of an action whose subject matter involves primarily the right of possession of a mining claim in another state, although the necessary parties are before it, where the possession is not incidental to the enforcement of a contract, or of a trust, or of relief from fraud, since it is only in cases involving equitable principles that a court can adjudicate upon property lying beyond its territory or jurisdiction.

Appeal from Superior Court, Spokane County.—Hon. WILLIAM E. RICHARDSON, Judge.  Affirmed.

*Stern, Hamblen & Lund,* for appellant.

*Domer & Estep* and *William H. Claggett,* for respondent.

The opinion of the court was delivered by

REAVIS, C. J.—Plaintiff, a citizen of Idaho, filed his complaint in the superior court of Spokane county against the defendant and the Tacoma Smelting Company, which are domestic corporations.  The complaint, in effect, alleges that plaintiff and others located mineral claims upon public vacant mineral land in Kootenai county, Idaho, and that plaintiff became the sole owner of such claims by transfers from his co-locators, and that he has

in his possession all the surface of the claim located, named the "Imperial Lode Mineral Claim," and is the owner of the same, subject only to the paramount title of the United States; that he is the owner of all veins, lodes, and ledges of mineral in place contained in such claim which have their tops or apexes within the surface thereof, and has the right to follow such veins on their dip into the earth between the end lines of the claim drawn down-ward, and that a valuable lode or ledge of mineral rock in place enters the claim by the south end thereof, and passes through the entire length of the claim in a north-erly direction nearly parallel with the side lines of the claim, and passes through the north end thereof, which vein or lode has its outcrop, top, or apex entirely within the surface lines of plaintiff's claim; that the defendant, the Union Silver Star Mining Company, claims to own the Little Joe Quartz Lode Mineral claim on the easterly side, and immediately adjoining and overlapping plain-tiff's claim, the Imperial Lode Mineral claim, and that the defendant corporation is engaged in mining and de-veloping the ground; but plaintiff alleges that the Little Joe Quartz Lode Mineral claim was never located and marked upon the ground as provided by law, and that the boundaries thereof do not take in or include the top or apex of the vein or lode mentioned. It is also alleged that the defendant Union Silver Star Mining Company has extended its tunnel in such a manner as to strike the vein, the top or apex of which is within the Imperial Lode, and has entered upon the vein without the con-sent of plaintiff, and against his objection; that it has mined and extracted from such vein large quantities of mineral containing gold, silver, lead, and copper, and other valuable minerals; that it has drifted into such vein or lode for a distance of about 450 feet, and is en-

gaged in working such vein, and is preparing to extract ore therefrom, with full knowledge of the plaintiff's rights in the premises, and against his objections; that said defendant has already extracted and shipped to the Tacoma Smelting Company ore of at least the value of $5,000, and has failed to account to plaintiff for any part thereof, and that such ore is in possession of the Tacoma Smelting Company. It is also alleged that the defendant Union Silver Star Mining Company is insolvent; that an action will be instituted with the utmost dispatch in the circuit court of the United States for the district of Idaho by plaintiff against the defendant Union Silver Star Mining Company to recover possession of the vein in controversy, and that this action is brought in aid thereof, and for the purpose of preserving the proceeds of the ores. The Tacoma Smelting Company was not served with process, and did not appear. A demurrer was filed by the defendant Union Silver Star Mining Company on two grounds: (1) That the court had no jurisdiction of the subject matter of the action; (2) that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was sustained generally, and, plaintiff electing to stand upon his complaint, judgment was entered dismissing the cause.

It is urged here by counsel for appellant that when the necessary parties are before a court of equity it is immaterial that the *res* of the controversy, whether it be real or personal property, is beyond the territory or jurisdiction of the tribunal. To support this general proposition, a number of authorities are cited, among which are *Phelps v. McDonald,* 99 U. S. 298; 3 Pomeroy, Equity Jurisprudence, § 1318; *Massie v. Watts,* 6 Cranch, 148. The general proposition stated in *Phelps v. McDonald, supra,* is by the same court and others restricted to equitable

suits.    Counsel urges that the rule extends to suits for injunction to prevent trespass or waste in a foreign jurisdiction.    The case of *Jennings v. Beale,* 158 Pa. St. 283 (27 Atl. 948), is relied upon to maintain the present action, but an examination will show that a contract existed between the parties in that case, and the question involved was the construction of such contract.    The plaintiff alleged that the defendant had conveyed by deed to plaintiff the exclusive right to mine certain coal lands.    The question before the court was the enforcement of the contract between the parties by the remedy of injunction.    In *Massie v. Watts,* where the defendant in the original action is liable to the plaintiff in consequence of contract, or as trustee, or as the holder of the legal title acquired by any species of *mala fides* practiced on the plaintiff, it is decided that the principles of equity give the court jurisdiction wherever the person may be found; and the circumstance that the question of the title may be involved in the inquiry, and may even constitute the essential point on which the case depends, does not seem sufficient to arrest the jurisdiction.    Again, in *Northern Indiana R. R. Co. v. Michigan Central R. R. Co.,* 15 How. 233, which was a suit by plaintiff to enjoin defendant in the circuit court for the district of Michigan from constructing its railroad over the lands of plaintiff situated in the district of Indiana, the court said:

"But wherever the subject-matter in controversy is local, and lies beyond the limit of the district, no jurisdiction attaches to the circuit court, sitting within it.    An action of ejectment cannot be maintained in the district of Michigan, for land in any other district.    Nor can an action of trespass *quare clausum fregit* be prosecuted, where the act complained of was not done in the district. Both of these actions are local in their character, and

must be prosecuted, where the process of the court can reach the *locus in quo.*"

In the examination of the authorities presented we observe no instance of such suit being maintained unless the controversy between the parties involves primarily equitable jurisdiction. It is apparent that the complaint involves in its essence the possession of the mining lode. The possession here is not incidental to the enforcement of a contract or trust or relief from fraud, but is in itself the foundation of the controversy. The parties are strangers to each other. The mine, the possession of which is in controversy, is located in another state. The action in its essence is local. The demurrer was properly sustained.

Judgment affirmed.

FULLERTON, DUNBAR, ANDERS and MOUNT, JJ., concur.