[No. 4100.   Decided March 21, 1902.] -

*In the Matter of the Estate of* RUDOLPH GORKOW, *De-
ceased*: ˙P. H. WINSTON *et al., Respondents*, v. HELENE
CROWE, *Appellant*.

PROBATE JURISDICTION — CONTROVERSY BETWEEN THIRD PARTIES.

The jurisdiction of the superior court in matters of probate
being confined, under Bal. Code, § 6075, to matters incidental to
the settlement of the estates of decedents and of estates under con-
trol of guardians, its power cannot be invoked to determine con-
troversies between third parties which in no way affect the inter-
ests of the estate itself, and hence the court sitting in probate has
no jurisdiction to determine the right of an attorney to fees for
services rendered in behalf of a legatee in contests over the will
through which she claims.

RIGHT TO JURY TRIAL — ACTION FOR RECOVERY OF SPECIAL FUND.

Under Bal. Code, § 4967, which provides that "an issue of fact,
in an action for the recovery of money only, or of specific real
or personal property, shall be tried by a jury, unless a jury is
waived," defendant is entitled to a jury trial, where plaintiff
sues upon a contract for legal services and seeks to recover a
specific and designated fund in the hands of the probate court,
and hence is an action for recovery of specific personal property.

Appeal from Superior Court, Spokane County.—Hon.
GEORGE W. BELT, Judge.   Reversed.

*Barnes & Latimer,* for appellant.

*Thomas M. Vance* and *Winston & Winston,* for re-
spondents.

The opinion of the court was delivered by

HADLEY, J.—Respondents, Alex M. Winston, as guard-
ian *ad litem* of Emil Oestraicher, a minor, and Winston
& Winston, attorneys, jointly filed a petition in the pro-
bate cause pending for the settlement of the above-entitled
estate. In the petition it is alleged that by the will of said

5—28 WASH.

deceased, Gorkow, the sum of $2,000 each was bequeathed to said minor and to Helene Crowe, his mother, who is the appellant here; that the administrator of said estate has paid to said minor the full sum of his legacy of $2,000, and has paid to said Helene Crowe the sum of $1,500 upon her said legacy, and that there is now in the hands of the administrator the sum of $500 as a part of the legacy of said Helene Crowe, which has been retained by the administrator, pursuant to an order of court, to await the termination of this controversy; that soon after the death of said Gorkow, and after the production of his will, various contests were begun and threatened against the probate of the same, which contests endangered the payment of said legacies; that the said Helene Crowe executed and delivered to the petitioners her contract in writing as follows:

"I hereby employ the firm of Winston & Winston to collect the legacies bequeathed to me and to my son, Emil, in the will of Rudolph Gorkow; to appear for us in all proceedings, suits, or contests concerning said legacy or will; and I agree to pay them out of said legacies, when collected, the sum of five hundred dollars. If the whole of said legacies are not collected, then I agree to pay them one dollar for every eight dollars collected."

It is further alleged that, after the execution and delivery of said contract, by and with the consent of the petitioners and said Helene Crowe, the contract was orally changed in the following respect, towit: It was agreed that all of said sum of $500 was to be paid to the petitioners out of the legacy of said Helene Crowe; that in pursuance of said contract the petitioners entered an appearance in the above entitled cause, and, upon the application of said Helene Crowe, procured the appointment of said Alex M. Winston as guardian *ad litem* aforesaid, and that he is now such guardian; that during a period of four

years, and pursuant to said employment, the petitioners
performed a large amount of services in defending the in-
terests of said legatees against divers contests instituted
against said will, and that they faithfully kept and per-
formed their contract up to the present time; that on
November 20, 1899, said Helene Crowe, without any just
cause therefor, stated to petitioners that she did not desire
them to represent her further in said matter, and refused
to permit them so to do, and thereafter endeavored to pro-
cure the removal of said guardian *ad litem,* and that she
and said minor have together so hampered the petitioners
as to prevent them from taking any steps to have said leg-
acies paid; that, notwithstanding these facts and the fur-
ther fact that said legatees have attempted to appear in this
cause by other attorneys, the petitioners have ever since
done all in their power to collect said legacies, and they
aver that their services were of material assistance in the
collection thereof, and were reasonably worth the sum of
$500; that said Helene Crowe has stated to petitioners
that she will not pay them for their services as provided in
the said written contract and the oral modification thereof.
They therefore pray that the court shall make an order di-
recting the administrator of said estate to pay the petition-
ers the sum of $500 out of the legacy of said Helene Crowe.
The answer of Helene Crowe admits the contract set out
in the petition, but avers that the petitioners never per-
formed any service of any kind or nature under said con-
tract; that they neglected and refused to attend to secur-
ing the payment of said legacies; and that she was com-
pelled to employ, and did employ, other counsel to enforce
the payment thereof.    She denies that said Alex M.
Winston was appointed guardian *ad litem* in pursuance of
said contract or by reason thereof, and avers that said ap-

pointment was made without her knowledge, consent, or approval, and that said Alex M. Winston induced her, through fraud and deception, to sign an application to the court for his appointment, in that he stated to her that it was an application for her own appointment as guardian; and that until long after said appointment was made she had no knowledge thereof, and supposed that she herself had been appointed guardian of her own child. She alleges that she demanded that the petitioners should proceed to perform their contract and collect said legacies, which they refused to do, and that she is not indebted to them in any sum for services rendered under said contract, or for any services whatsoever. She further alleges that the petition ought to be dismissed for the reason that it does not state facts sufficient to constitute a cause of action against her, and that the court has no jurisdiction to hear and determine the matters in controversy between the parties in this proceeding; that she has a full and complete defense to the matters alleged in the petition, and is entitled to have all matters of fact involved therein submitted to a jury. The matter came on for hearing upon the petition, answer, and reply, the reply being a general denial. The appellant objected to the hearing for the reason that the matters in controversy are based upon a contract, and that there is a dispute between the parties as to the services performed under said contract, and as to the value thereof; that all matters in controversy should be submitted to a jury and determined by them. The objection was by the court overruled. Thereupon the appellant objected to the introduction of any testimony on the ground that the petition does not state facts sufficient to constitute a cause of action, and that the court has no jurisdiction to hear and determine

this controversy in a probate proceeding. The objection was overruled. Exceptions were duly taken and allowed to the above rulings of the court. The court then pro- ceeded to hear evidence, and thereafter made findings of fact and conclusions of law to the effect that the petitioners are entitled to the relief asked. Upon said findings and conclusions a judgment was entered by the court to the effect that the petitioners have and recover of and from Helene Crowe the sum of $500, and that the administra- tor of said estate shall pay to petitioners the said sum now in his hands, being a part of the $2,000 legacy aforesaid. From such judgment said Helene Crowe appeals.

The contention of respondents is that the controversy concerns a fund of $500 which is in possession of the court, acting in its probate capacity, and that such court has the power to distribute the fund as between the parties. In support of their contention they cite one case,—*McKelvy's Appeal,* 108 Pa. St., 615. That was a suit in equity, in which attorneys sought to establish and enforce a lien for services upon certain money which had been brought into the court as the fruits of the action. The lower court es- tablished the lien. On appeal the judgment was affirmed, but the court stated that it was not affirmed on the ground that there could be a lien enforced, but on the ground that the existence of the fund was due in great measure to the professional services, and that, to the extent of the value of the services, the attorney was the equitable owner thereof, and that when it was discovered that an effort was being made to take the fund out of court by the aid of other counsel, thus ignoring the claim of the attorney, the court did right in laying its hands upon such a proceeding. It was held that, as a court of equity, it was administering a fund within its actual grasp, and was entirely competent

to dispose of every question connected with that fund. A jury was also demanded in that case, but, the proceeding being in equity, the verdict of a jury could have been no more than advisory, and it was held not error to refuse it. If the powers of a court acting in probate proceedings in this state can be said to be as comprehensive in the premises as those of a court of equity, then there is, indeed, an analogy between the above case and the one at bar.    In our state, however, the powers of superior courts in the exercise of their jurisdiction as to matters of probate are limited and defined by statute.    They are found enumerated in § 6075, Bal. Code. It will be observed that they are confined to matters incidental to the settlement of the estates of deceased persons and of estates under control of guardians, and also to the hearing of controversies between masters and their apprentices.    No powers are given to the court in its probate jurisdiction to hear and determine controversies between third persons which in no way affect the interests of the estate itself.    It is constituted a tribunal to guard the interests of the estate only, and its powers cannot be invoked to determine outside controversies, the result of which can in no way affect the estate, either adversely or favorably.    Even when a claim is asserted adversely to the estate itself, which is not allowed by the executor or administrator, the court acting in the probate proceeding cannot hear and determine the controversy; but suit must be regularly brought thereon "in the proper court," and the matter heard as other similar disputes. § 6233, Bal. Code.    It therefore seems forcibly to follow that disputants cannot be heard to settle their differences in probate proceedings, even though the controversy may involve a fund actually in the possession of the court, but which controversy in no way affects the estate itself.

We think the appellant is entitled to have this controversy tried by a jury.    Section 4967, Bal. Code, provides as follows:

"An issue of fact, in an action for the recovery of money only, or of specific real or personal property, shall be tried by a jury, unless a jury is waived, as provided by law, or a reference ordered, as provided by statute relating to referees."

. It is contended by respondents that this is not an action for the recovery of money only.    If it cannot be strictly said to be such, then it must be a proceeding for the recovery of specific personal property, since it seeks the recovery of a specific and designated fund of $500.    The petition shows that the $500 is all that is left of the legacy in the hands of the court, and it is that particular $500 which is sought.    In that view of the case, the relief sought comes within the statutory provision above, requiring actions for the recovery of specific personal property to be tried by jury.    The relief sought is based upon a contract for the payment of money, the performance of which contract is in dispute.    It is true the money was to be paid from a specifically named fund, but that certainly does not preclude a general recovery if payment of that fund is refused.    In any view of the controversy suggested by the pleadings, we think it must be tried by a jury unless a jury is waived.

The attempt is made to have this matter determined in the cause pending before the court entitled, "In the Matter of the Estate of Rudolph Gorkow, Deceased." That is a separate cause or proceeding standing upon the court's docket for its own purposes, and other causes cannot be heard therein, but must be brought as separate and independent actions.    It will therefore be necessary to dismiss

this petition and leave respondents to institute such action as they see fit.

The judgment is reversed and the cause remanded, with instructions to the lower court to dismiss the petition.

REAVIS, C. J., and FULLERTON, DUNBAR, WHITE, ANDERS and MOUNT, JJ., concur.