[No. 14872. Department Two. January 10, 1919.]

*In the Matter of the Estate of* Benjamin L. Decker.[1]

Executors and Administrators (88)—Courts (51)—Probate—Jurisdiction—Outside Claims—Title to Property. In the settlement of an estate in probate, the court has no jurisdiction to determine the title to property between outside parties in no way affecting the interests of the estate.

Appeal from a judgment of the superior court for Adams county, Holden, J., entered December 8, 1917, approving an executor's final account and distributing property of an estate, after a hearing upon objections before the court. Affirmed.

*Samuel P. Weaver,* for appellants.

*G. E. Lovell* and *C. W. Rathbun,* for respondent.

Main, C. J.—The parties to this appeal are rival claimants to an undivided one-fifth interest in a certain quarter section of land located in Grant county. The appellants, doing business under the name of the Spaulding Manufacturing Company, claim title through a judgment, sale on execution, and a sheriff's deed. The respondent claims title through an alleged assign-

[1]Reported in 177 Pac. 718.

ment from the person to whom the property passed by devise. Benjamin L. Decker died testate on or about the 24th day of August, 1913, and by his will devised to John V. Decker an undivided one-fifth interest in the real estate in controversy. The will was duly admitted to probate in Adams county on February 28, 1914. On May 8, 1917, the executor filed his final account and petition for distribution, praying that the interest of John V. Decker in the real estate above referred to be distributed to L. A. Womach. The appellants filed objections to the final account and denied that the property should be distributed to Womach, who claimed under an assignment from John V. Decker. The respondent Womach objected to the litigation of the controversy over the title to the property in the probate proceeding, and claimed that it was not a proper matter to be litigated therein. The property was distributed by the trial court to Womach, as assignee. From this judgment, the appeal was prosecuted.

The respondent renews here the objection which he made in the trial court that the controversy over the title to the property between the parties to this appeal could not be litigated in the probate proceeding. This objection must be sustained. This is a controversy between outside parties which in no way affects the interests of the estate itself. In *In re Gorkow's Estate*, 28 Wash. 65, 68 Pac. 174, a similar question was presented. In that case a legatee had contracted with a firm of attorneys that she would pay them the sum of $500 when they should obtain for her a certain legacy contained in the will of Rudolph Gorkow. By the contract, the $500 was to be paid out of the legacy when collected. In due time, the right to the legacy was established and, with the exception of $500, was paid

to the legatee, who refused to recognize the rights of the attorneys whom she had employed. The attorneys filed a petition in the probate proceeding asking that the $500 be paid to them. The legatee objected to the question being litigated in that proceeding because it was a matter which in no way affected the interests of the estate. The objection was sustained, and the court, in the course of the opinion, said:

"No powers are given to the court in its probate jurisdiction to hear and determine controversies between third persons which in no way affect the interests of the estate itself. It is constituted a tribunal to guard the interests of the estate only, and its powers cannot be invoked to determine outside controversies, the result of which can in no way affect the estate, either adversely or favorably. . . ."

The rule of that case is recognized in the case of *State ex rel. Keasal v. Superior Court*, 76 Wash. 291, 136 Pac. 147, where it is referred to and distinguished. The controversy upon the present appeal is one step farther removed from the probate proceeding than was the controversy in the *Gorkow* case. There the controversy was between a legatee and her attorneys whom she had employed to secure the legacy and agreed to pay them out of the sum so obtained, which sum was in the possession of the administrator. In the present case, the appellants claim through a deed issued subsequent to a sale on execution under a judgment which they had obtained against John V. Decker; and the respondents, through an assignment from him. Obviously, the estate is in no way concerned with this controversy and will not be affected favorably or unfavorably, whichever one of the parties may be entitled to the interest in the above-mentioned land which passed to John V. Decker by devise. It being a matter which cannot be litigated in the probate proceed-

ing, the appellants, in order to preserve their rights, were not required to assert them in that proceeding in response to the notice of the hearing to be had upon the final account and distribution of the estate of Benjamin L. Decker, deceased. *Martinovich v. Marsicano,* 137 Cal. 354, 70 Pac. 459.

The question is one to be litigated when one of the parties shall bring an appropriate action. In such action, the appellants will be in no way prejudiced by reason of the fact that the property was distributed to the respondent in the probate proceeding under the assignment.

Affirmed.

PARKER, HOLCOMB, and MOUNT, JJ., concur.