ALLEN v. ALLEN

COURTS—PROBATE COURTS—JURISDICTION—ESTATES OF DECEDENTS.
The probate court, having assumed jurisdiction of the estate of a deceased person, has exclusive jurisdiction until the probating of said estate has been completed.

Appeal from Kalamazoo; Weimer (George V.), J. Submitted January 22, 1920. (Docket No. 13.) Decided February 27, 1920.

Bill by Duane W. Allen and another against Glenn S. Allen and others for an accounting. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*T. E. Barkworth,* for plaintiffs.

*E. M. Irish,* for defendants.

MOORE, C. J. The case under consideration arises under the will of Oscar M. Allen, Senior, who died July 26, 1910, at Kalamazoo. We take the following statement from the brief of counsel for the appellants:

"The bill of complaint avers the appointment of a special administrator August 1, 1910, who acted until September 16, 1910, at which time the executors duly qualified and entered upon the general administration of the estate. It further avers that prior to the death of the testator the persons so named as executors and trustees had been from January 15, 1910, to the death of the testator and until the appointment of the special administrator August 1, 1910, managing and controlling the affairs of the testator under a power of attorney, and that such control, except as to the temporary special administration period, had been continuous in Glenn S. Allen and Emmet L. Hollingsworth from January 15, 1910, to the date of the filing of the bill of complaint, and that they still have absolute possession, control and management of all of the property of decedent, except as otherwise set forth in the bill of complaint and hereinafter stated. It avers the filing of an inventory, showing the appraised value of the estate at the sum of $700,630.46, of which $133,750.00 was real estate, and $566,880.46 was personalty; and further that the commissioners reported an indebtedness of approximately $285,000.00. It further avers the election of the widow to renounce the provisions of the will, and her right thereby to her dower interest and to her distributive share in the personalty of the estate, and the allowance and receipt by her of the ordinary statutory allowances as such widow. It describes the real estate owned by the testator. * * * It avers that no final settlement has ever been made in the probate court, nor any appointment of trustees under the will been actually made, but that all the powers of trustees have been used by the executors who have acted through-

out as owners or holders of the property, real and personal, in trust. It further avers an accounting on October 28, 1912, upon the annual report of the executors theretofore filed, the disallowance of certain items on appeal to the circuit court which still stand of record therein, but that the matters of difference were adjusted out of court so far as plaintiffs are concerned, but may be still pending as to other interested parties. The bill further avers that in such accounting the court refused to consider the period prior to the death of testator under which the entire management of property had been with the defendants Glenn S. Allen and Emmet L. Hollingsworth, ruling that the same was without his jurisdiction; that later on, to-wit, July 31, 1916, an audit of the books and accounts was had and a report filed by Hulsapple & Parks, certified accountants, profert of which is made in the bill. The bill further avers that such report criticizes the methods of bookkeeping and accounting by the trustees as well as careless management and treatment of the funds; that proper vouchers were not obtainable by the auditors, that large sums of money had been withheld from deposit while interest charges were accumulating against debts or had been passed to the private advantage of said trustees and executors whereby the estate had lost, and that various items of disbursement appearing upon the books of said trustees and executors are subject to grave question as to prudence, providence and good faith. That large advances had been made to the defendant Hannah Allen, the widow of the testator, without stipulated interest rates and which would draw only five per cent. per annum, although the estate had a large indebtedness bearing six per cent. interest during the whole course of such trust, which had been accruing through the method of management of the estate. That the capital stock of the Bryant Paper Company which was disbursed among the heirs of the estate was never properly equalized or adjusted as per the agreement with respect thereto made by the heirs, and other dispositions of said stock upon said books and accounts, and that the trustees, although requested to adjust the matter, have not done so; and it charges that such lax and careless methods were intended to

be and were in effect made a cover for improper diversion of the funds to the personal advantage of said trustees and the defendant, Dee Allen, one of the beneficiaries under the will. And that in exercising an option as the holders of stock of said Bryant Paper Company, said executors and trustees had subscribed for 250 shares of said capital stock, of which 166 shares were charged to the account of Hannah Allen, although she had no funds to her credit as beneficiary of said estate, and no right to obtain further moneys therefrom, being very largely overdrawn on any funds properly coming to her from said estate, large sums of money having been paid from time to time to her and for her benefit and advantage greatly in excess of any proper share of said Hannah Allen in the property of the estate whereby funds of the estate have been and are being diverted from the proper beneficiaries thereof, which plaintiffs fear can never be recovered or restored to the estate, and an injunction was sought by said bill to restrain further diversion thereof. The bill further sets forth that the said Hannah Allen has been for many years quite enfeebled, is eighty-seven years of age, and is under the immediate control of the defendants Glenn S. Allen and Dee Allen, and is unable to give proper care to her business affairs, and that her property is being diverted and disposed of to the said defendants, the trustees named aforesaid, and Dee Allen, induced by improper persuasion and influence, with the fraudulent design and purpose on their part of depriving plaintiffs and other beneficiaries of the same, and allowing the same to be received, absorbed and appropriated by them through the bounty of the said Hannah Allen, they preventing access to the said Hannah Allen by plaintiffs and other interested beneficiaries, and averring on information and belief that the said Hannah Allen is not financially able to repay to said estate the amount of such advances and that said estate will eventually lose thereby.

"An open account of $44,667.48 of funds advanced to the said Hannah Allen was shown by said audit with accrued interest thereon, amounting to $8,435.82 beside promissory notes aggregating $7,450.00 with accrued interest amounting to $1,728.00 which togeth-

er with some dividends, shows the said Hannah Allen has received from said estate the sum of $59,214.47, increased by a supplemental audit covering the period between April 1, 1916, and July 1, 1917, of $3,257.92, although during the same supplemental period nothing has been advanced by said executors, or either of them, to said plaintiffs, or either of them. These advances to said Hannah Allen aggregate 35 85/100 per cent. of all advances or payments made to the heirs and beneficiaries of said estate; that the indebtedness of said estate under the management of said executors and trustees actually increased during a series of years, although the income of the estate from rentals and dividends approximate the sum of $30,000 per year. During the administration, apart from the shares of the Bryant Paper Company received by plaintiffs on an agreed division thereof among the beneficiaries, said plaintiffs have received respectively the said Ralph M. Allen the sum of $1,325, and the said Duane W. Allen the sum of $1,520.

"Various particulars are averred in said bill of complaint showing improper diversion of assets, improvident management and fraudulent purpose, these averments not necessarily repeating here, but found on pages 13, 14 and 15.

"The division of the Bryant Paper Company stock by agreement between the parties is also averred, the sale of certain items of real estate, the fact that the auditors in their report to the court included the period prior to the death of the testator during which the affairs of decedent were being administered by said defendants, Glenn S. Allen and Emmet L. Hollingsworth, under the power of attorney before mentioned, and further covers sundry advances and gifts made by the testator in his lifetime to plaintiffs and each of them, as well as like advances to other beneficiaries of said estate made defendants herein.

"The plaintiffs are the only children of Jollie Allen, the son of decedent, who deceased prior to the death of testator.

"The bill further shows that all the debts originally proven against said estate have been paid, but that new indebtedness had been created by the trustees amounting, as shown by the audit, to the sum of

$375,000 or thereabouts. That no part of the necessary administration proceedings for the proper execution of said will, apart from the trusts thereby imposed, voluntarily assumed by the trustees, remains to be taken, and that there is no necessary action by the probate court preliminary to the adjustment of the accounts of the trustees, unless the same arises from the undetermined appeal from the original order of said probate court; and that no party other than the parties to this action are in any manner interested in the funds of the estate, or in any question involved in this suit and that said appeal was duly adjusted on some terms with each of the parties to such action, and is not a subject of difference between the plaintiffs and defendants, and that for full, complete and ample relief recourse to a court of equity is necessary.

"Plaintiffs therefore pray that the said Glenn S. Allen and Emmet L. Hollingsworth be required to account of their doings under the power of attorney hereinbefore mentioned, covering the period from January 1, 1910 to August 1, 1910, of the money and property of said estate, and that the said Glenn S. Allen account for his control as special administrator from August 1, 1910 to September 16, 1910, and that said defendants Glenn S. Allen and Emmet L. Hollingsworth account for the subsequent period up to the present and until the final order and decree of the courts." And for further relief.

The defendants Glenn S. Allen, Emmet L. Hollingsworth and Fannie M. Hollingsworth moved to dismiss the bill of complaint and the court below granted the motion because he thought that as the probating of the estate had not been completed in the probate court, the chancery court ought not to take jurisdiction. The case is brought here by appeal. We again quote from the brief of counsel:

"The next reason assigned by the court, and which is really the ground of his decision is based upon the proposition that no good reason appeared to the court for holding that any or all relief sought by plaintiffs cannot be had in the probate court. I concede that if this statement is true as a matter of law, the deci-

sion of the court is correct, but I submit that abundant reasons are found in the bill which not only justify, but actually necessitate the action of the circuit court to give the relief prayed by the bill. The rule is properly stated by the court that it is settled in this State that the probate court has exclusive jurisdiction of all matters relative to settlement of estates of deceased persons, except in cases where its remedies are inadequate in the present case.

"I further concede, as a general proposition, that the citation, *Brown* v. *Forsche,* 43 Mich. 492, in the opinion of the court, affirms the general principles always applied that equitable considerations govern decrees of the probate court in its control of the trust relations of executors and testators. But I say further that these relations are not involved in the present status of the case made by the bill, and that even though they were, still if the remedies failed to correct, the wrongs are not such as are within the control of the probate court. The statute, 3 Comp. Laws, 1915, § 13764, conferring jurisdiction upon the probate court as well as the statute of 1899 conferring power on the probate court over testamentary trustees, contains a provision preserving to a court of chancery its concurrent jurisdiction over the same matter. The language in the former statute being as follows:

" '*Provided, however,* That the jurisdiction conferred by this section shall not be construed to deprive the circuit court in chancery in a proper county of concurrent jurisdiction as originally exercised over the same matter:'

—while the language of the latter statute, 3 Comp. Laws, 1915, § 14094, is still more definite:

" 'The provisions of this chapter shall not be construed to in any manner limit, charge [change], modify or abolish the jurisdiction as it now exists, of the courts in chancery of this State, of, over or concerning such trustees and trust estates, but the same shall remain and continue in all respects as though this chapter had not been passed.'

\*    \*    \*    "Passing for the moment but not abandoning the question of the trust period under the power of attorney, we have the following elements, important in their legal consequences, showing the con-

duct of the trustees to have been contrary to, rather than in accordance with the provisions of the will.

"Section 8 of the bill of complaint avers no dower has been assigned to the widow, nor proceedings taken, but the widow has occupied the homestead continuously from the death of the testator until the present time, that no accounting for that occupancy has been made by the trustees, who however have charged the beneficiaries with all of the expenses incident thereto.

"Section 11 shows, by the report of the auditors appointed by the probate court, misconduct and negligence on the part of the trustees. In connection with this report plaintiffs directly charge fraud primarily in the dealings with the widow, Hannah Allen, and secondarily, through stock of the Bryant Paper Company. The method by which these frauds have been made effective is directly averred in paragraph 13 of the bill of complaint, in connection with paragraphs 11 and 12. The extent of this fraudulent diversion amounts to the large sum of $62,472.39.

"So far as the interests of Hannah Allen are involved in the present case apart from her distributive share of the estate the probate court has no direct jurisdiction under its general administrative powers, as the only right of the widow remaining pertains to her dower interest. In *King* v. *Merritt,* 67 Mich. at page 209 of the opinion is found the following:

" 'The jurisdiction of the probate court in the matter of dower is purely statutory. It is in no way essential to the settlement of the estate. * * * It is a proceeding, when the estate is solvent, in which the widow and her heirs are interested. * * * And proceedings to assign dower may be had at any time before, during, or after the administration is closed.'

"As to her distributive share of the estate 35 85/100 per cent. of the entire advances of the heirs and beneficiaries of the estate have been paid to her without any effort being made to ascertain and determine her proper share of the personal assets as a distributee. In addition to which sum, she received her share of the large portion of the corpus of the estate, division of which was made by an agreement between the beneficiaries of the estate in 1914 and 1915, while the

209—Mich.—24.

plaintiffs in the instant case have received but $2,850, the bill averring that the amounts received by her are greatly in excess of her proper distributive share and except as affected by the unequal distribution of the stock of the Bryant Paper Company as averred in paragraph 15 of the bill, she would have no further interest in the estate. And as to the rights and obligations under that agreement, I submit that no power exists in the probate court to take cognizance of it or litigate in any way with respect to it. The probate court, whatever its power, is not strictly speaking, a court of law, but a court of limited statutory jurisdiction, established primarily to administer the estates of deceased persons and care for the persons and property of those under disability and liable to wardship. *Rodgers* v. *Huntley*, 166 Mich. page 132. * * *

"The authorities bearing upon the difference in jurisdiction between the probate court and the circuit court, in chancery, on questions arising from wills or the administration of intestate estates are at first sight somewhat conflicting, but an analysis of the facts of the respective cases usually clears away the difficulties and shows the distinctions upon which the decision of the particular case rests. An analysis of these cases will, I believe show that the case at bar is not only a permissible case for equity jurisdiction, but that it is the only court in which complete justice can be done. *Gibney* v. *Allen*, 156 Mich. 301." Counsel citing other cases.

In *Gibney* v. *Allen*, *supra*, the executor had rendered his final account, which was allowed, and he had been credited with the amount as executor, which was to be charged to him as trustee, and was then discharged as executor.

In the instant case there had been no final accounting in the probate court and a turning over the funds to the trustee. The other cases cited have been examined and are not inconsistent with the order made in the lower court.

The questions involved are not new in this State.

They are discussed quite in detail in *Brooks* v. *Hargrave*, 179 Mich. 136. Commencing at page 144, the court considers the question of when a court of chancery will take jurisdiction when the probate court is already in the exercise of jurisdiction. In the discussion that follows there is a citation of a large number of authorities. See, also, the recent case of *Tipson* v. *Jeannot*, 204 Mich. 403. These cases are so accessible that it is unnecessary to do further than refer to them. We think they are controlling of the instant case.

The decree is affirmed, with costs to the defendants.

STEERE, BROOKE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ.. concurred.