[No. 22362. *En Banc.* August 21, 1930.]

THE STATE OF WASHINGTON, *on the Relation of E. M.
McClintic, Executor, Plaintiff*, v. THE SUPERIOR
COURT FOR YAKIMA COUNTY, *et al.,
Respondents.*[1]

*Yantis & Brodie,* for plaintiff.
*Cheney & Hutcheson,* for respondents.

FRENCH, J.—Relator seeks a writ of prohibition in
this court, and the return not being contradicted in
any way, the facts are undisputed. Joseph R. Swan-
ton, a resident of Thurston county, died testate May
10, 1929. Thereafter and on May 16, 1929, his will
was admitted to probate and letters testamentary

[1]Reported in 290 Pac. 870.

were thereupon issued to the executor by the superior court of Thurston county.

About two months prior to Joseph R. Swanton's death, he had given to Elizabeth Davis certain notes and a mortgage, executed by O. C. Phillips and wife, which notes had been executed and had matured some time prior to the date of the gift. Both Mrs. Davis and Phillips and wife were residents of Yakima county, and the land securing the mortgage given was also located in Yakima county. On one of the notes Mrs. Davis, on May 21, 1929, commenced an action against Phillips and wife, and levied an attachment on certain land in Yakima county; and shortly thereafter began a second action in the same county against Phillips and wife asking foreclosure of the mortgage which had been given to her by Swanton, together with costs, interest and attorneys' fees.

Some time prior to Swanton's death, he and Phillips had been interested together in certain business transactions, the nature and extent of which does not fully appear, but it is indicated, and we think may fairly be assumed, that they were, and had been for some time, jointly interested in quite extensive business deals. During the course of these transactions, Phillips had deeded to Swanton all of his interest in a certain tract of land in Yakima county. It is now claimed by Phillips that this deed was in fact a mortgage.

Shortly after Mrs. Davis commenced her action, Phillips brought an action in Yakima county setting forth in detail the business transactions between himself and Swanton, the gist of his cause of action being that, if an accounting were had between himself and the estate of Swanton, it would show as a matter of fact that the notes presented by Swanton to Mrs. Davis

had been paid in full; that the amount that was claimed to be due by reason of the deed which was given, which Phillips claimed was in fact a mortgage, was paid in full and that the estate was in truth and in fact greatly in his debt.

There were joined, as parties defendant, the Davises, being residents of Yakima county, and E. M. Mc-Clintic, as executor of the estate of Joseph R. Swanton, deceased; and Phillips sought in the action commenced by him to quiet title to various parcels of land in Yakima county. To none of the parcels of land in Yakima county did the estate make any claim, except as to one parcel which had been deeded to Swanton prior to his death, which deed, it was claimed was a mortgage rather than a deed. The various cases pending in Yakima county were consolidated.

The executor has properly objected to the proceedings in Yakima county, claiming that, as the estate is being probated, and was properly being probated, in the superior court of Thurston county prior to the commencement of the Phillips action, any claim against the estate is triable only in Thurston county; while it is the claim of Phillips that his action is essentially one to quiet title to land in Yakima county, and that the matter therefore is properly triable in Yakima county. In this connection, it might be well to state that, in October, 1929, Phillips filed a claim in the Thurston county court against the estate of Joseph R. Swanton, covering generally the same matters involved in the Yakima county suit. In December, 1929, this claim was rejected, and in January, 1930, complaint was filed to enforce this claim in Thurston county.

Rem. Comp. Stat., §§ 1477 to 1491, inclusive, contain complete provisions for the filing and disposition

of claims against estates, it being therein provided that no holder of a claim against an estate may maintain an action thereon until a claim shall have been properly presented and filed; and we have uniformly held that no claim can be enforced by suit unless a claim has been filed in accordance with the Probate Code. *First Security & Loan Co. v. Englehart,* 107 Wash. 86, 181 Pac. 13; *Baumgartner v. Moffatt,* 113 Wash. 493, 194 Pac. 392; *Davis v. Shepard,* 135 Wash. 124, 237 Pac. 21.

It becomes necessary, therefore, to examine the pleadings in the suit of Phillips against Davis and others pending in the superior court of Yakima county to determine exactly the nature of the action. First, Phillips seeks to establish that a certain three thousand dollar note dated in 1922, and secured by a mortgage, was in fact paid to Swanton prior to his death. This note was by gift transferred to Mrs. Davis prior to Swanton's death, and in the complaint Phillips seeks to have this note and mortgage declared paid and title to the land covered by the mortgage quieted. The note and mortgage having been presented to Mrs. Davis by Swanton prior to his death, the estate has no longer any interest therein, and is therefore not a necessary party to that controversy.

Phillips also seeks to have a certain note for eight hundred dollars given by him to Swanton in 1922 likewise declared as having been paid. This note also having been transferred by Swanton to Mrs. Davis prior to his death, his estate is not a necessary party to that cause of action. As to these two claims, the estate only becomes, possibly, a proper party, although not a necessary party, by reason of the fact that Phillips claims to have had money due him from Swanton which should properly have been applied by Swanton to the payment of obligations; and the notes being ad-

mittedly transferred after maturity if, as a matter of fact, they were paid, such would probably be a good defense as against Mrs. Davis, she having parted with no consideration therefor, and it being admitted that they were given to her by Swanton.

Phillips also seeks to have his title quieted to certain warehouse property in Yakima county, claiming that this property was deeded as security for the payment of a certain two thousand dollar note, and claiming that this note has been paid. Phillips also claims that a proper accounting will show that there is due him from Swanton's estate a sum in excess of five thousand dollars, so that we think it is at once apparent from the nature of the complaint itself that the entire cause of action stated by Phillips depends primarily upon his ability to prevail in his claim against the estate. Unless the sums evidenced by these promissory notes have been paid, Phillips is not entitled to have the title to his property quieted.

It must be remembered that the estate is not seeking to enforce anything against Phillips. The estate claims no interest in any of the land to which Phillips is seeking to quiet title except the warehouse property. As to this property, it is admitted that a deed was given by Phillips to Swanton, and before title can be quieted by Mr. Phillips, he must establish, first, that this deed was in fact a mortgage; and second, that the mortgage has been paid. Or, to state the matter differently, the fundamental, primary, and essential fact which Mr. Phillips must establish in order to be entitled to any relief against the executor, is that he has a valid, subsisting claim against this estate.

But such a claim must be presented to the executor and filed with the clerk of the superior court of Thurston county, and can only be enforced in the superior

court of Thurston county. To hold otherwise, would deny to the probate court exclusive jurisdiction over all matters with respect to the property of an estate. While no decision of this court has been called to our attention squarely touching this matter, we think the rule is well settled that the probate court having obtained jurisdiction of a probate proceeding, retains exclusive jurisdiction thereof, and that claims against the estate such as this can only be enforced in the court having such probate jurisdiction, and under our code, only after the filing of a proper claim therefor. Some of the cases which we have examined touching on this question are: *Bower v. Bower,* (N. J.) 69 Atl. 1077; *Duxbury v. Shanahan,* 84 Minn. 353, 87 N. W. 944; *Allen v. Allen,* 209 Mich. 362, 176 N. W. 587; *Maxwell's Unknown Heirs v. Bolding,* (Tex.) 11 S. W. (2d) 814; *Dorsey v. Corkery,* 227 Mass. 498, 116 N. E. 870.

If this were nothing but an action to quiet title to land in Yakima county, and the estate of Joseph R. Swanton had or claimed some interest in or to the land, then we think there would be good ground for arguing that the Yakima court had jurisdiction of the matter; and in so far as this case is concerned, we think the Yakima court undoubtedly has jurisdiction to quiet title to the land. But the question whether or not the title to this land can or should be quieted depends solely and entirely on the ability of Phillips to establish his claim against Swanton's estate.

We hold that the only court that has jurisdiction to hear, try, and determine the validity of the claim against the Swanton estate is the superior court of Thurston county, and the action brought in Yakima county, in so far as the relator is concerned, should be stayed until such time as the accounting has been determined by the superior court of Thurston county.

The writ will issue with instructions to proceed in accordance with this opinion.

MITCHELL, C. J., MILLARD, TOLMAN, BEALS, and MAIN, JJ., concur.

HOLCOMB, J. (dissenting)—I dissent.

"Where two actions between the same parties, on the same subject, and to test the same rights, are brought in different courts having concurrent jurisdiction, *the court which first acquires jurisdiction,* its power being adequate to the administration of complete justice, retains its jurisdiction and may dispose of the whole controversy, etc." (Italics mine.) 15 C. J. 1134.

We have never held, and I doubt whether a case can be found in the books, to the effect that an action involving the quieting of title to real estate is in any sense a transitory and not a local action. It is local under our statute. Rem. Comp. Stat., § 204. It is local under our decisions. *Lindsley v. Union Silver Star Mining Co.,* 26 Wash. 301, 66 Pac. 382; *Olympia Mining & Milling Co. v. Kerns,* 64 Wash. 545, 117 Pac. 260; *Daniel v. Daniel,* 106 Wash. 659, 181 Pac. 215.

As to the lack of jurisdiction of our superior courts acting in probate proceedings to try the title to property claimed by others, see:

*Stewart v. Lohr,* 1 Wash. 341, 25 Pac. 457, 22 Am. Rep. 150; *Reese v. Murnan,* 5 Wash. 373, 31 Pac. 1027; *In re Belt's Estate,* 29 Wash. 535, 70 Pac. 74, 92 Am. Rep. 916; *In re Decker's Estate,* 105 Wash. 221, 177 Pac. 718.

In the last cited case we quoted with approval from *In re Gorkow's Estate,* 28 Wash. 65, 68 Pac. 174, as follows:

"No powers are given to the court in its probate jurisdiction to hear and determine controversies between third persons which in no way affect the in-

terests of the estate itself. It is constituted a tribunal to guard the interests of the estate only, and its powers cannot be invoked to determine outside controversies, the result of which can in no way affect the estate, either adversely or favorably. . . ."

It is clear, therefore, that the superior court of Yakima county had acquired jurisdiction in cause No. 23353 and ought not be interfered with by prohibition.

The peremptory writ should be denied.

PARKER, J., concurs with HOLCOMB, J.