**In the Matter of the**
**ESTATE OF CORNELIUS COMSTOCK BELOW,**
**(also known as Cory Bishop)**
**Deceased**

Probate No. 33 - 1956

District Court of the Virgin Islands

Div. of St. Thomas and St. John

District Court Commissioner

January 22, 1958

MAAS & BAILEY (WILLIAM W. BAILEY, ESQ., of counsel),
 *for petitioner*
CROXTON WILLIAMS, ESQ., *for Ethel May Below, Administratrix C.T.A.*

GEORGE A. MENA, *District Court Commissioner*

The matter of the petition of Antilles Enterprises, Inc., a creditor of record, to revoke the Letters of Administration C.T.A. granted to Ethel May Below, generally known as Ethel May Bishop, on February 11, 1957, came on for hearing on the 22nd day of January, 1958, on the petition for revocation, answer and counterclaim for $3,000,000.00 damages of Ethel May Bishop and memorandum of Antilles Enterprises, Inc.

Maas & Bailey, by William W. Bailey, Esquire, of counsel, appeared for petitioner. Ethel May Below, Administratrix C.T.A., hereafter referred to as Ethel May Bishop, appeared personally and with her attorney, Croxton Williams, Esquire.

Testimony was taken of Ethel May Bishop, argument of counsel had, and upon deliberation in the premises and the Commissioner being satisfied, enters his opinion, findings and order as follows:

Cornelius Comstock Below, generally known as Cory Bishop, and hereafter referred to as Cory Bishop, died on September 17, 1956 and his last will and testament dated April 19, 1955, was duly probated on February 11, 1957, and on that day Letters of Administration C.T.A. were issued to Ethel May Below, generally known as Ethel May Bishop, a resident of the Virgin Islands, and

she was duly qualified and took over the administration of the estate.

During the administration it developed that Ethel May Bishop claimed that in her individual capacity she had a valid assignment of 10 shares of stock from the deceased Cory Bishop, her husband, in Antilles Enterprises, Inc., a local corporation in which Cory Bishop was organizer and one of the principal stockholders; Antilles Enterprises, Inc., as creditor of record, denied this and averred that 20 shares of stock belong to Cory Bishop at the time of his death, including the 10 shares of stock claimed by Ethel May Bishop, and that it is the duty of the administratrix to assert and defend Cory Bishop's title to the said 20 shares of Antilles stock; and further averred that under a stockholders' agreement, Charles Redfield Vose, one of the principal stockholders and organizers of Antilles Enterprises, Inc., had and still has the right to purchase this stock, at book value; that because of the conflicting claim of Ethel May Bishop to her personal ownership of 10 shares of stock she cannot honestly and impartially assert and defend the interest of the estate, and, therefore, should be removed as administratrix. Ethel May Bishop denies that her claim is adverse to the interest of the estate and prays as follows:

"That the Order to Show Cause be dismissed; that the cause on the counterclaim be continued on the docket until Ethel May Bishop has had ample unhurried time to inspect all the books of the said corporation so that the extent of defendant's damage can be shown; alternatively for judgment for damages in the amount of $3,-000,000; for reasonable counsel fees and for such other and further relief as to the Court seems just and proper in the premises."

From the above, it is clear there are two questions to be decided by the Commissioner:

1. Whether Ethel May Bishop should be removed as Administratrix C.T.A. on account of a conflict of interest between her alleged ownership in 10 shares of stock in Antilles Enterprises, Inc., and her duty as Administratrix to assert and defend the property interests of the estate — and, in particular, the shares of stock in Antilles Enterprises, Inc., owned by Cory Bishop at the time of his death, in view of pending litigation in this court involving the stock interests of Cory Bishop (see Civil No. 113 - 1957; Civil No. 230 - 1957 and Civil No. 231 - 1957).

2. Whether the Probate Court, or the Probate Division of the District Court, has jurisdiction and authority to adjudicate the counterclaim for damages in the sum of $3,000,000.

■ Answering the *first question*, the Commissioner is of the opinion that there is a conflict of interest between the personal interest of Ethel May Bishop and her duty to assert and defend the interest of the estate. As stated above, there are three cases pending in the District Court involving the stock interests of this estate, namely, the stock interest belonging to Cory Bishop at the time of his death. It is the duty of the administratrix to assert and defend the interest of the estate *faithfully* and *impartially* and it can hardly be said that she can do this and at the same time assert and defend her own personal interests.

■ The principal duties of an executor or administrator are to collect debts due the estate, to prosecute suits in favor of and defend against his estate, and otherwise to preserve and protect it from loss. 21 Am. Jur. sec. 219. (Executors and Administrators)

■ ■ The administrator's duties are those of a trustee and he should be such a person as can and will carefully guard the interest of the estate and of the distribu-

453

tees thereof. *He should be an indifferent person as between the claimants thereto.* 119 A.L.R., page 305.

■ One interested in an estate has the right to have its representative wholly free from conflicting personal interest, so that when the question arises as to the necessity or propriety of a judicial investigation concerning the existence of uninventoried assets such questions may be determined in the first instance by one entirely free from adverse interest or partiality. 119 A.L.R., page 308.

■ An executor or an administrator whose personal interests are in conflict with his duty as a representative of the estate is not a proper person to hold the office, and he should be removed. Putney v. Fletcher, 148 Mass. 247, 19 N.E. 370; In re Mills' Estate, 22 Or. 210, 29 Pac. 443; Marks v. Coats, 37 Or. 609, 62 Pac. 488; Kellberg's Appeal, 86 Pa. 129.

Title 15, section 161 of the Virgin Islands Code provides that the District Court may "(2) grant and revoke Letters Testamentary, and of administration."

■ ■ Title 15, section 240(b), of the Virgin Islands Code, under the caption "Revocation of Letters" provides as follows:

"Any heir, legatee, devisee, creditor or other person interested in the estate may apply for removal of an executor or administrator . . . who has in any way been unfaithful to or neglectful of his trust, to the probable loss of the applicant. The application shall be by petition and upon notice to the executor or administrator, and if the court finds the charge to be true it shall make an order removing the executor or administrator, and revoke his letters."

Having found there is a conflict of interests between those of the administratrix and her duties as administratrix and the interests of the estate, it follows that she cannot be faithful and impartial to her trust.

■ Also, Title 15, section 240(c), of the Virgin Islands Code provides as follows:

454

"Whenever it appears probable to the court that any of the causes for removal of an executor or administrator exist or have transpired, as specified in subsection (b) of this section, the court shall cite the executor or administrator to appear and show cause why he should not be removed, and if he fails to appear or show sufficient cause an order shall be made removing him and revoking his letters; and the court shall exercise a supervisory control over the executor or administrator, to the end that he faithfully and diligently perform the duties of his trust according to law."

It will be noted that it is the duty of the Court "to exercise a supervisory control over the executor or administrator, to the end that he (she) faithfully and diligently perform the duties of his (her) trust according to law."

In the Estate of Lucille Joseph, Probate No. 15 - 1955, on October 3, 1956, District Judge Herman E. Moore removed the administrator on account of a conflict of interest, the administrator claiming the property in the inventory of the estate in his own right.

From the foregoing, the Commissioner concludes that there is a conflict of interest and that he has the authority to remove and should remove the administratrix on account thereof.

As to the *second question*, it must be remembered that the probate courts have jurisdiction in probate and testamentary matters, namely, the general supervision over the administration and settlement of estates of decedents. Ill. — Healea v. Verne, 175 N.E. 562, 343 Ill. 325; In re Panico's Estate, 268 Ill. App. 585. Kan. — Parsons v. M. E. McCabe & Son, 275 Pac. 173, 127 Kan. 847; and numerous cases cited.

Probate courts cannot exercise any powers other than those which have been expressly conferred on them or which are necessarily implied from those expressly conferred. Ark. — Smith v. Walker, 58 S.W.2d 946, 187 Ark. 161; Huff v. Hot Springs Savings Trust & Guar-

anty Co., 45 S.W.2d 508, 185 Ark. 20; Moss v. Moose, 44 S.W.2d 825, 184 Ark. 798; and numerous cases cited.

 The Probate Court has no power to determine a controversy between an executor and a third party. Marbury v. Ward, Md. 162 A. 919.

 Controversies foreign to settlement of estate cannot be litigated in the estate proceedings. In re Decker's Estate, 177 Pac. 718, 105 Wash. 221.

 In construing the powers of the probate court it has been held that such a court may determine rights to property so far as they depend on devolution, testate or intestate, but it cannot determine rights to property left by a decedent which depends on contract. Goodin v. Casselman, 2 N.W. 94, 51 N.D. 543.

 The general jurisdiction of the District Court is set forth in Title 15, section 161, of the Virgin Islands Code. On the 12th line of the first paragraph, it is provided as follows:

"*. . . and in addition to and without limitation or restriction on the foregoing powers,* to (1) take proof of will; (2) grant and revoke letters testamentary, and of administration; (3) direct and control the conduct, and settle the accounts, of executors and administrators; (4) direct the payment of debts and legacies and the distribution of the estates of intestates; and (5) order the sale and disposal of the real and personal property of deceased persons." (Italics mine)

This, in capsule form, is the jurisdiction of the Probate Court. These same provisions are found in the old Code under the topical index of "Probate jurisdiction in District Court."

 In the Rules of the Probate Court (Rules of the District Court of the Virgin Islands, Rule 21 et seq., 5 V.I.C. App. VI) promulgated December 18, 1956, by the Judge of the District Court, only such matters as pertain to the administration and settlement of estates of decedents are provided for.

456

The foregoing clearly indicate the limited jurisdiction of the Probate Court, or the Probate Division of the District Court.

 It is, therefore, the considered opinion of the Commissioner that the Probate Court has no jurisdiction or authority to pass upon the counterclaim of the administratrix.

### Findings and Order

WHEREFORE, the Commissioner finds:

1. That Letters of Administration issued to Ethel May Below, generally known as Ethel May Bishop, on February 11, 1957, be and the same are hereby revoked;

2. That the counterclaim of Ethel May Bishop for damages in the amount of $3,000,000.00 and reasonable counsel fees be and the same is hereby dismissed, without prejudice; and it is so ORDERED AND ADJUDGED.