WHITNEY v. WILDER et al.

(Circuit Court of Appeals, Fifth Circuit. November Term, 1892.)

No. 102.

FEDERAL COURTS — JURISDICTION — INJUNCTION AGAINST OFFICER OF STATE COURT.

The prohibition of injunctions against the state courts (Rev. St. § 720) extends to all cases over which such courts first get jurisdiction, and applies to the officers and parties in the courts as well as to the courts themselves. Therefore, a federal court has no power, on the complaint of a legatee and an executor under a will probated in one state, to enjoin an administrator appointed in another state from distributing the funds under his control to the heirs at law.

Appeal from the Circuit Court of the United States for the Eastern District of Louisiana.

In Equity. Bill by W. H. Wilder, executor of the estate of Myra Clark Gaines, deceased, under her will, probated in New York, and Myra Clark Gaines Mazerat, a legatee of said Myra Clark Gaines, suing by her father, Joseph Numa Mazerat, as her next of kin, against William Wallace Whitney, administrator of deceased's estate under the appointment of a Louisiana court, to enjoin respondent from distributing the funds of the estate. Decree for complainants. Respondent appeals. Reversed.

Thos. J. Semmes and Rouse & Grant, for appellant.

Browne & Choate and R. De Gray, for appellees.

Before PARDEE and McCORMICK, Circuit Judges, and TOULMIN, District Judge.

TOULMIN, District Judge. The complainants are a legatee and the executor under the last will and testament of Myra Clark Gaines, deceased, which will was probated in the state of New York, the place of the testatrix's domicile at the time of her death. The defendant is the administrator of the estate of said deceased under the appointment of the civil district court in and for the parish of Orleans, in the state of Louisiana.

The substance of the bill is that said Myra Clark Gaines left a large personal estate in the state of Louisiana, which her said administrator has collected, and which, in the administration of the same, it is proposed to distribute and pay over to the heirs of the intestate in disregard of her last will and testament as probated in the state of New York; that the heirs of said intestate have filed a petition in the said civil district court praying to be put into possession, as heirs at law, of all the assets of her said estate after pay-

ment of his debts, and that this is done with the wrongful and fraudulent intent of defeating the execution of said last will and testament, and of depriving the complainants of their rights under the same. The bill prays that said administrator may be restrained by injunction pendente lite from distributing and paying over the funds of the said estate to any person whatsoever beyond the payment of the debts of the deceased. The injunction, as prayed for, was granted by the court below, and from that decree this appeal is taken.

While the injunction is directed to the administrator of the succession and estate of Myra Clark Gaines, deceased, restraining him from paying out to the heirs at law of said estate any moneys belonging to it, its purpose and effect are to interfere with the pending administration of the estate in the probate court of the state of Louisiana, which is vested with exclusive jurisdiction of the same, and by whose order alone the administrator would be duly authorized to distribute and pay over any money belonging to it. The heirs at law of the deceased petition the probate court that, after the payment of all debts, the property of the estate be turned over to them. The practical effect of the injunction is to stay proceedings under this petition. Should a decree be granted on the petition by the probate court, and the administrator be ordered to comply with the same, he would be subject to diverse and conflicting decrees,—that of the state court, directing him to distribute the funds of the estate in its custody and under its control according to its decree, and that of the federal court, directing him to refrain and desist from distributing such funds. It was said by this court in the case of Railway Co. v. Kuteman, 54 Fed. Rep. 547, (decided at this term,) that "there is not in our system anything so unseemly as rivalry and contention between the courts of the state and the courts of the United States." The framers of our statute laws, foreseeing the evils of such conflicting jurisdiction, have wisely prohibited, in express terms, the granting of injunctions to stay proceedings in any court of a state. Rev. St. § 720; Railway Co. v. Kuteman, supra. This prohibition of the statute extends to all cases over which the state court first obtains jurisdiction, and applies not only to injunctions aimed at the state court itself, but also to injunctions issued to parties before the court, its officers or litigants therein. Diggs v. Wolcott, 4 Cranch, 179; Peck v. Jenness, 7 How. 625; Dial v. Reynolds, 96 U. S. 340.

As, in our opinion, the circuit court was without power to grant the injunction, and the decree must, for that reason, be reversed, we have deemed it unnecessary to consider in detail all the assignments of error found in the record and discussed at the bar.

The decree is reversed, and the cause remanded to the circuit court, with directions to dissolve the injunction.