### KING et al. v. FERNLEY et al.

(District Court, S. D. Florida. July 17, 1922.)

Courts ⬤═508(2)—Federal court without jurisdiction to enjoin probate proceedings in state court.

A federal court *held* without jurisdiction, in view of the prohibition of Judicial Code, § 265 (Comp. St. § 1242), to enjoin further proceedings in the administration of an estate by a probate court, which is given plenary jurisdiction by the Constitution of the state, and subject under the statute to review of its acts and judgments by higher courts of the state.

In Equity. Suit by Minnie K. King and others against Hazel King Fernley and others. On motion to dismiss bill for want of jurisdiction. Granted.

R. P. Daniel, of Jacksonville, Fla., for plaintiffs.
C. B. Peeler, of Jacksonville, Fla., for defendants and movants.

CLAYTON, District Judge. This cause, coming on to be heard, is submitted upon the motion of the defendants to dismiss this bill upon several assigned grounds, all of which are in substance for want of jurisdiction and want of equity. Of course, on the motion to dismiss, all its allegations are to be treated as true. The facts stated show an extreme case of maladministration, and if this court were authorized to do so it would feel called upon to grant the relief prayed for in the bill by the removal of the administrator, and according the other appropriate relief.

However, I am of the opinion that, under section 265 of the Judicial Code (Comp. St. § 1242), this court is without authority to intervene and take jurisdiction of this cause. The statute is plain that the writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, except in cases where such injunction may be authorized by law relating to proceedings in bankruptcy. Of course, this cause does not come under the exception stated, nor are there any other features of the case to take it from the opera-

---

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tion of the rule. It is plain that for this court to here assume jurisdiction would be to violate the established doctrine of comity between different courts. Besides, the Supreme Court has said in Essanay Film Mfg. Co. v. Kane, 258 U. S. ——, 42 Sup. Ct. 318, 66 L. Ed. ——:

"In this court, as in the courts below, appellant's chief reliance is upon Simon v. Southern R. Co., 236 U. S. 115. Without intimating that in other respects the cases are parallel, it is a sufficient ground of distinction that this is an attempt to use the process of the federal court to restrain further prosecution of an action still pending in a state court, while that cited was a case of enjoining a successful litigant from enforcing a final judgment of a state court held void because procured without due process. As was pointed out in that case (pages 123 et seq.), the prohibition originated in the Act of Congress of March 2, 1793 (1 Stat. 334, c. 22, § 5), was based upon principles of comity, and designed to avoid inevitable and irritating conflicts of jurisdiction. But when the litigation in the state court has come to an end and final judgment has been obtained the question whether the successful party should in equity be debarred from enforcing the judgment, either because of his fraud or for the want of due process of law in acquiring jurisdiction, is a different question, which may be passed upon by a federal court without the conflict which it was the purpose of the Act of 1793 to avoid."

In that opinion it is pointed out that the plaintiff and appellant there had adequate remedy by direct appeal from the judgment, if obtained without due process of law, and by collateral attack as well, but always after entry of final judgment or decree. And further the court said:

"In exceptional instances the letter has been departed from, while the spirit of the prohibition has been observed; for example, in cases holding that, in order to maintain the jurisdiction of a federal court properly invoked, and render its judgments and decrees effectual, proceedings in a state court which would defeat or impair such jurisdiction may be enjoined. * * * The effect of this, as will be observed, is but to enforce the same freedom from interference, on the one hand, that it is the prime object of section 265 to require, on the other."

Here the Florida Constitution confers plenary jurisdiction upon the probate court, and in pursuance of the Constitution the Legislature has provided adequate remedy to meet just such cases as the facts in this bill disclose. The causes for removal of the administrator for any sort of maladministration are fully covered in section 3695 of the Revised General Statutes of Florida, and as to who is authorized to institute the proceedings for the removal and the like provision is made in section 3696, and the court in which such proceedings may be had is stated in section 3697.

The probate court has assumed rightful jurisdiction of the subject-matter. There is no independent equity in the bill. It is dismissed, and the plaintiff is remitted to the state court for the remedy there afforded.