## TUSSING et al. v. CENTRAL TRUST CO. et al.

District Court, E. D. Michigan, S. D.
August 15, 1929.

No. 3599.

Archibald D. Jones, of Lansing, Mich., for plaintiffs.

Foster & Cameron, of Lansing, Mich., for defendant McLouth.

Charles H. Hayden, of Lansing, Mich., for defendant Trust Company.

SIMONS, District Judge. This cause is before the court on a motion by the defendants to dismiss the bill of complaint on the ground that such bill shows on its face that this court is without jurisdiction herein.

The bill, which was signed and verified, on information and belief, by counsel for the plaintiffs on their behalf, was filed by Emerson S. Tussing, a resident and citizen of Oregon, and Edna B. Vandenburg, a resident and citizen of Idaho, as plaintiffs, against the Central Trust Company, a Michigan corporation, and Willis McLouth, a resident and citizen of Michigan, as defendants. It alleges that the plaintiffs are heirs at law of Daniel W. Tussing, deceased, that the defendant Central Trust Company has been appointed, by the probate court for Ingham county, Mich., administrator of the estate of said deceased, and that the defendant McLouth is the largest unsecured creditor of said deceased; that the defendants have recently filed in said probate court petitions alleging that the personal assets of the estate of said deceased are insufficient to pay its debts and that it is necessary that the real property of said estate be sold for the payment of said debts, and praying that a license be granted by said probate court to said administrator to sell said real property at private sale; that the purpose of the defendant administrator in filing said petition was to acquire said property, indirectly, for itself, by means of this sale, at a price less than its true value; that, to effect such purpose, said defendant has mismanaged and misused said property and thereby depleted its income and depreciated its market value; that said administrator has not filed any report or account with said probate court as required by law, and that the plaintiffs are unable to obtain information concerning the assets, expenses, or financial condition of said estate; that they are informed and believe that the personal property of said estate is sufficient to pay all fixed claims against said estate and its expenses of administration, and that there is no immediate necessity for the sale of said real property; that the defendant McLouth is under the domination of said administrator, and as a result of such domination has become unnecessarily alarmed over the payment of his claim against said estate, and has been persuaded by the defendant administrator to join it in praying for an immediate hearing of the aforesaid petition by the aforesaid probate court; and that, "unless the Central Trust Company, as administrator, and Willis McLouth be restrained by an order of this Court from prosecuting its said petition for license to sell and its said petition for an immediate hearing and order to sell, a fraud will be consummated upon your orators and said estate will suffer great and irreparable loss and your orators and the other heirs at law of said estate will be deprived of their just inheritance and will otherwise suffer great damage." The bill prays that this court "will require said Central Trust Company to make a full complete and detailed accounting of all moneys received and expended as administrator and belonging to the estate of the said Daniel W. Tussing, and said account when established may by a decree of this court be certified to and allowed by the Probate Court for the County of Ingham and the State of Michigan"; that this court issue an injunction, at first temporary and later permanent, "commanding said Central Trust Company and all persons claiming to act under its authority, direction or control to ab-

solutely desist and refrain from bringing its petition for a license to sell the real estate of the estate of Daniel W. Tussing, deceased, on for a hearing before the Probate Court for the County of Ingham, and that they refrain from selling or advertising for sale any of the real estate belonging to the estate of Daniel W. Tussing"; and that the same injunctive relief be granted by this court against the defendant McLouth.

Both defendants have filed sworn answers denying all of the allegations of fraud and wrongful conduct contained in said bill, but such allegations must, of course, be accepted as true for the purposes of this motion to dismiss.

The probate court in the state of Michigan was created by the Constitution (article 7, §§ 1, 13) of the state, and is a court of record having general jurisdiction of matters relating to the settlement of estates of deceased persons (section 13764, Michigan Compiled Laws of 1915), including the appointment and control of administrators. The jurisdiction of the probate court over the administration of estates of deceased persons is, under the laws of Michigan, exclusive except in cases where its remedies are inadequate or the interposition of a court of equity therein is necessary for some auxiliary purpose in aid of the jurisdiction, properly acquired, of such court of equity. Brooks v. Hargrave, 179 Mich. 136, 146 N. W. 325; Colvin v. Jones, 194 Mich. 670, 161 N. W. 847; Allen v. Allen, 209 Mich. 362, 176 N. W. 587.

Section 13850 of the Michigan Compiled Laws of 1915 provides that an "administrator shall have a right to the possession of all the real as well as personal estate of the deceased, * * * and may receive the rents, issues, and profits of the real estate until the estate shall have been settled, or until delivered over by order of the Probate Court to the heirs or devisees." Under this statute an administrator is entitled to the possession of the real estate of his decedent during his administration of the estate, as long as such possession may be necessary for the payment of the debts of the deceased, subject to the power of the probate court to order the delivery thereof to heirs or devisees on a proper showing that the personal property of said estate is sufficient for the payment of such debts. Long v. Landman, 118 Mich. 174, 76 N. W. 374; Chapin v. Chapin, 229 Mich. 515, 201 N. W. 530.

Section 13987 of said Compiled Laws provides that real estate of a deceased person may be sold upon petition of an administrator and under a license of the probate court when it shall appear to that court that the personal property of such deceased in the hands of his administrator "is insufficient to pay the debts of the deceased and the charges of administering his estate, or whenever it shall appear to the court that it is for the best interests of all persons interested in the estate that his real estate or some part thereof be sold for such purpose in lieu of disposing of the personal estate," or "when it shall appear to the court that a sale of such real estate is necessary to preserve the estate or to prevent a sacrifice thereof." Sections 13989 to 14028, both inclusive, of said Compiled Laws, provide in great detail the necessary procedure to be followed by an administrator in seeking and executing such a license, including requirements for a verified petition, notice thereof, a hearing thereon, a report of sale, and confirmation of any sale made. Section 13992 requires the probate judge to "hear and examine the allegations and proofs of the petitioner and of all persons interested in the estate who shall think proper to oppose the application." Section 13993 provides that the administrator "may be examined on oath, and witnesses may be produced and examined by either party, and process to compel their attendance and testimony may be issued by the Judge of Probate." Section 14008 provides for confirmation of such a sale "if it shall appear to the Judge of Probate that the sale was legally made and fairly conducted, and that the sum bid was not disproportionate to the value of the property sold, or if disproportionate, that a greater sum as above specified cannot be obtained." Section 14011 provides that the administrator making the sale "shall not directly or indirectly purchase, or be interested in the purchase of any part of the real estate so sold, and all sales made contrary to the provisions of this Section shall be void." Section 14013 provides that an administrator making any sale shall immediately make a report thereof to the judge of probate, and that, if such judge "shall be of opinion that the proceedings were unfair or that the sum bid is disproportionate to the value, and that a sum exceeding such bid, at least ten per cent. exclusive of the expenses of a new sale, may be obtained, he shall vacate such sale." Section 14028 provides that "the Judge of Probate may, in his discretion, after due notice to all persons interested * * * and after taking, or causing to be taken, the testimony of two or more credible and disinterested freeholders, * * * grant a license to the * * * administrator * * * to dispose of said real estate at private sale, at the highest price obtainable, not less than

the value thereof, as determined by said Judge of Probate, which sale shall be confirmed and approved by said Judge of Probate before any deed passing the title to said real estate so sold at private sale shall be valid." Said section provides that all of the foregoing provisions, "except where plainly inapplicable, shall be applicable to sales under this section."

Sections 14104 to 14116, both inclusive, of said Compiled Laws, provide for the filing of accounts by administrators with, and the examination, hearing, and disposition of such accounts by the probate court. Section 14111 provides that, if any "administrator shall fail to make and file his account as herein provided, it shall be the duty of the Probate Judge to require and notify him so to do." Sections 14112 and 14116 require notice of hearings on such accounts to be given to persons interested in the estate.

■ It is apparent from the allegations of the bill of complaint herein that the defendant administrator is in possession, as such administrator, of the real estate the sale of which is here sought to be enjoined. The plaintiffs do not claim any lack of jurisdiction or authority on the part of either the administrator or the probate court in question. It is clear that, under the law of Michigan, said defendant is entitled to such possession, subject to the orders of the probate court by which it was appointed, for the purpose of using the same for the payment, in so far as it may be determined by that court to be necessary, of the debts of the estate in process of administration by said court. It is equally clear that not only the primary, but the sole, purpose of the present suit is to remove and transfer the administration of said estate, at least so far as the hearing and disposition of the aforementioned petitions now pending in said probate court are concerned, from that court to this court. If the relief here prayed be granted, this court must interfere with the administration and control which said probate court is exercising with respect to this estate and the property thereof here involved, and must necessarily to that extent, itself administer such estate and property. That, however, this court cannot do.

It is a settled rule of law in the federal courts that, when a probate court of a state, in the exercise of exclusive jurisdiction which it has acquired over assets of an estate, is engaged in the administration of such assets in legal proceedings pending before it, a federal court will not disturb nor interfere with the administration of such estate or the control of such assets by such probate court or by its of-

ficers acting in their official capacity. Byers v. McAuley, 149 U. S. 608, 13 S. Ct. 906, 37 L. Ed. 867; Garzot v. Rios De Rubio, 209 U. S. 283, 28 S. Ct. 548, 52 L. Ed. 794; Waterman v. Canal-Louisiana Bank & Trust Co., 215 U. S. 33, 30 S. Ct. 10, 54 L. Ed. 80; Sutton v. English, 246 U. S. 199, 38 S. Ct. 254, 62 L. Ed. 664; Moore v. Fidelity Trust Co., 138 F. 1 (C. C. A. 3); Watkins v. Eaton, 183 F. 384 (C. C. A. 2); Smith v. Jennings, 238 F. 48 (C. C. A. 5). In the words of the Supreme Court in Waterman v. Canal-Louisiana Bank & Trust Co., supra, "In so far as the probate administration of the estate is concerned in the payment of debts, and the settlement of the accounts by the executor or administrator, the jurisdiction of the probate court may not be interfered with." As was pointed out by the court in Moore v. Fidelity Trust Co., supra, the direction and control by a probate court of an administrator in the performance of his duties "is an essential attribute of its jurisdiction," and such an administrator "should not be compelled to obey orders from two courts in respect to the administration of the same estate. " Nor is the application or applicability of this principle affected by the fact that such a probate court may not have been in the actual, physical possession of the assets involved, if it has acquired, and is exercising, such jurisdiction as entitles it to such possession. "It is enough," in the language of the court in Smith v. Jennings, supra, that such court "first acquired jurisdiction of the administration of the estate" in question, "and that the possession of the assets of the estate is necessary to its proper administration in the court" in question.

■ Complaint is made by counsel for the plaintiffs, in his brief, to the effect that, without the protection of their rights by this court, they will be "compelled to permit their rights to be adjudicated in a local court subject to local influences," and that "such a result * * * is unthinkable and should not be permitted." The lack of merit in such contention is too plain to require discussion. As was said in Smith v. Jennings, supra, the federal court has "no authority to stay proceedings of state courts, while they are in progress and before they are concluded by final judgment or decree, except in aid of bankruptcy proceedings or of their own previously acquired jurisdiction. * * * Much less will it arrest the state court * * * because of a possibility that the state court will not do justice. The presumption is just the other way."

Section 379 of title 28 of the United States

Code (28 USCA § 379) (originally section 720 of the Revised Statutes and subsequently known as section 265 of the Judicial Code) provides that: "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy." The purpose and effect of this statute have been recently considered and discussed by the Supreme Court in Essanay Film Manufacturing Co. v. Kane, 258 U. S. 358, 42 S. Ct. 318, 66 L. Ed. 658, where that court pointed out that such statute is "based upon principles of comity, and designed to avoid inevitable and irritating conflicts of jurisdiction," and that Congress at all times "has maintained upon the statute book such provisions as it deemed needful for reviewing judicial proceedings in the state courts involving a denial of Federal rights, but has confined them to a direct review by this court, and deferred this until final judgment or decree in the state court of last resort."

The statute just quoted is applicable to proceedings in courts of probate with respect to matters involving the administration of estates pending therein, and prevents the federal courts from restraining such proceedings. Haines v. Carpenter, 91 U. S. 254, 23 L. Ed. 345; Whitney v. Wilder, 54 F. 554 (C. C. A. 5); Evans v. Gorman (C. C.) 115 F. 399; King v. Fernley (D. C.) 283 F. 451. And, in the language of the court in Whitney v. Wilder, supra, the prohibition of this statute "applies not only to injunctions aimed at the state court itself, but also to injunctions issued to parties before the court, its officers or litigants therein."

In view of the foregoing conclusions, it becomes unnecessary to determine whether, as defendants contend, the bill of complaint should be dismissed on the ground that it appears therefrom that the plaintiffs have an adequate remedy at law, or on the further ground that it also appears from such bill that heirs and creditors of the estate involved, not made parties, are indispensable parties hereto without whose presence this court cannot grant the relief prayed, and that, such heirs being residents and citizens of Michigan, and their proper relation to this suit being that of coplaintiffs, their necessary joinder as parties would destroy the requisite diversity of citizenship.

For the reasons stated, the motion to dismiss the bill must be granted. An order will be entered accordingly.